## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| | | |
|---|---|---|
| Case No. | CR 02-1099 ABC | Date   June 10, 2010 |

Present: The Honorable   **AUDREY B. COLLINS, CHIEF UNITED STATES DISTRICT JUDGE**

Interpreter   N/A

| Angela Bridges | Not Present | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present  Cust.  Bond | Attorneys for Defendants: | Present  App.  Ret. |
|---|---|---|---|
| U.S.A. v. Jason Edwin Devore | | Not Present | |

Proceedings:   ORDER RE: DEFENDANT'S MOTION REQUESTING CLARIFICATION OF COURT'S SENTENCING ORDER (In Chambers)

  Pending before the Court is Defendant Jason Edwin Devore's Motion Requesting Clarification of the Court's Sentencing Order, brought pursuant to 28 U.S.C. §§ 2241 and 2255.  By way of brief background, on October 11, 2002, Defendant was indicted on five counts of bank robbery in violation of 18 U.S.C. § 2113(a).  At that time, he was already serving a three-year state prison term for an additional bank robbery conviction and a four-year state term for forgery.  A federal writ issued and Defendant was taken into federal custody on November 21, 2002 while he was still serving his state sentences.  On May 5, 2003, Defendant pled guilty to four federal counts of bank robbery.  Then, on August 6, 2003, the Court sentenced Defendant to 110 months in federal prison, which was to run concurrently with the undischarged state terms of imprisonment.  At the sentencing hearing, Defendant, the government, the Probation Office, and the Court all agreed that Defendant could receive credit for the prior nine months he had been held in federal custody based upon the writ.  On August 8, 2003, the Court signed a proposed order reflecting that understanding.  (Docket No. 29.)  The final judgment issued on August 18, 2003.

  At the time the Court issued its Order crediting Defendant for the nine months in federal custody, the Court did not realize – and the government, Defendant's counsel, and Probation did not point out – that it lacked authority to do so.  See 18 U.S.C. § 3585(a); United States v. Wilson, 503 U.S. 329, 333 (1992); United States v. Segal, 549 F.2d 1293, 1301 (9th Cir. 1977).  Nevertheless,  on November 9, 2008, Defendant requested the Bureau of Prisons ("BOP") to credit his sentence with those nine months.  That request was initially denied on November 13, 2008.  Defendant administratively appealed that denial on December 19, 2008, and the decision was affirmed on December 30, 2008.  The letter denying his appeal indicated that, if Defendant wished to pursue his appeal further he could file a request with the Office of General Counsel in Washington, D.C., but any appeal "must be received in the Office of the General Counsel within 30 calendar days of the date of this response."  (Mot., Ex. D.) He therefore had until January 29, 2009 to pursue that further appeal.  The record is silent on whether Defendant did so, and the Court assumes he did not.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Defendant filed the instant motion to correct his sentence to reflect the nine months he spent in federal custody prior to his sentencing on the ground that everyone involved in his sentencing (his counsel, the government, Probation, and the Court) intended that he get credit for those nine months. After initial briefing was completed, the Court ordered further briefing on whether Defendant's motion was timely and whether the Court might have been able to depart downward from the sentencing guidelines to account for those nine months in federal custody.

The government filed a supplemental brief on March 8, 2010 arguing that the motion was untimely and that, in any event, no departure for Defendant's sentence was warranted. Defendant filed a supplemental response to the Court's order, but it did not address the substantive issues. Instead, Defendant's counsel withdrew in light of a potential ineffective assistance of counsel claim based on the fact that his prior counsel did not raise the departure issue with the Court at Defendant's sentencing. The Court appointed new counsel and Defendant filed a supplemental brief in response to the Court's Order. In his response, Defendant now raises claims for ineffective assistance of counsel.[1]

The Court still cannot rule on the merits of Defendant's claims at this time. The government has not had the opportunity to address the substance of Defendant's ineffective assistance of counsel claims, and Defendant has not briefed those claims in any detail, so the Court will give the parties an opportunity to brief the merits of those issues. However, the Court does find it appropriate to address the government's arguments that Defendant's petition was untimely.

A § 2255 motion attacking a sentence must be brought within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f). Here, subsections (1) and (4) potentially apply.

When a defendant does not appeal a conviction or sentence, the sentence becomes "final" under subsection (1) when the time to appeal expires, which, at the time this was case decided, was ten days after the date of the judgment. See United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001).

---

[1] Defendant's new counsel appears to focus almost entirely on Defendant's new ineffective assistance of counsel claims. The Court will do the same.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Here, the judgment of Defendant's sentence was entered on August 18, 2003 and he did not appeal, so under subsection (1), the one-year statute of limitations began running on August 28, 2003 and would have expired on August 28, 2004. Defendant did not file his § 2255 petition until January 2010, over six years after that deadline so his petition would have been untimely under subsection (1).

However, Defendant may still invoke subsection (4) to establish timeliness. Pursuant to that subsection, an ineffective assistance of counsel claim is not "discovered" – and the statute of limitations does not begin to run – until the defendant learns (or should have learned) the factual predicate to the two requirements to prove an ineffective assistance of counsel claim: unreasonable performance and prejudice. Hasan v. Galaza, 254 F.3d 1150, 1154 (9th Cir. 2001).[2]

Here, it is not clear when Defendant discovered (or could have discovered) his counsel's unreasonable failure to request a downward departure based on time served (i.e., whether that was at the time of sentencing or at the time the BOP refused to grant his request for an earlier commencement date). It is clear, however, that any prejudice stemming from his counsel's error could not have arisen until the BOP finally denied Defendant's request for credit based on the Court's order setting the earlier commencement date. Even though the Court lacked authority to mandate the earlier commencement date, the BOP could still have chosen to set the commencement date consistent with the Court's suggestion. And had the BOP done so, Defendant would not have been prejudiced by his counsel's alleged error.[3] Therefore, the prejudice in this case arose when Defendant ran out of avenues for relief from the BOP.

The BOP denied his appeal on December 30, 2008, which the parties have thus far treated as the date when the BOP finally rejected his request. However, the BOP's denial of his appeal indicated that, if Defendant wished to pursue his appeal he could file a request with the Office of General Counsel in Washington, D.C., within 30 days of the denial. The appeal to the General Counsel is the final administrative appeal. 28 C.F.R. § 542.15(a). Defendant apparently chose not to appeal during that time, so the statute of limitations began to run after the 30-day window to appeal had expired on January 29, 2009. Therefore, the earliest Defendant could have been prejudiced by his counsel's inadequate performance (and the statute of limitations could have begun to run) was January 29, 2009, and he filed the instant petition on January 29, 2010, just within the one-year limitations period.

The government advances three arguments to refute this conclusion, which do not change the result. First, in its order requesting supplemental briefing, the Court raised the possibility that the statute

---

[2] A defendant does not need to understand the legal significance of the facts discovered (i.e., that he has an ineffective assistance claim) to trigger the running of the limitations clock; rather, the clock begins when the defendant simply becomes aware of the existence of facts to demonstrate an ineffective assistance claim. See id. at 1154 n.3 ("Time begins when a prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.").

[3] This conclusion is consistent with cases holding that the statute of limitations for a direct challenge to an administrative decision, such as the denial of parole, does not begin to run until the administrative decision is final, which is the point when a defendant "discovers" the factual predicate of the claim. See, e.g., Shelby v. Bartlett, 391 F.3d 1061, 1065–66 (9th Cir. 2004); Redd v. McGrath, 343 F.3d 1077, 1082 (9th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

of limitations could have been tolled while Defendant administratively exhausted his request for credit for time served.  The government argues that exhaustion is not required for a § 2255 motion, so the statute of limitations should have begun long before Defendant sought any administrative relief with the BOP.  The Court need not decide the issue.[4]  Even if the government were correct that no formal exhaustion were required to give rise to tolling of the statute of limitations, the statute of limitations did not begin to run on Defendant's ineffective assistance claim until he was prejudiced by his counsel's conduct.  See Hasan, 254 F.3d at 1154.  And that did not occur until Defendant had no recourse left in the BOP administrative appeal process.

Next, the government argues that, even if exhaustion were required, the remedy Defendant seeks from this Court could not have been granted by the BOP, so any exhaustion would have been futile and no tolling should have occurred.  According to the government, the remedy available from the BOP was a nine-month credit for time served; the remedy under § 2255 would be to vacate his current sentence and resentence him with a downward departure of nine months.  But had the BOP given him credit for the nine months served, he would have obtained the same relief that his counsel should have requested in the form of a downward departure and he would have suffered no prejudice from his counsel's failure to do so at his sentencing.

Finally, the government contends that, even accounting for the time Defendant spent in the BOP administrative process, he was not diligent when he waited to seek relief through his formal request with the BOP in November 2008.[5]  But this contention is disingenuous, at best.  The statute of limitations is tolled when "'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'"  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "External forces, rather than a petitioner's lack of diligence," can toll the limitations period.  Id.  The Court cannot envision a more appropriate case for excusing Defendant's delay than this one.  He obtained a Court Order that was ultimately rebuffed by the BOP.  That Order was based not only on his counsel's advice, but on agreement by the government that the Court had the authority to issue it.  That Defendant sat in custody for five years in reliance on the Court's Order, and the government's agreement with that Order, is certainly excusable.  To hold otherwise would require a level of diligence from Defendant that even the government's counsel could not seem to meet in this case.  Indeed, the Court is left to wonder why the government failed to present the controlling authority to the Court at the time of sentencing or correct its misstatements in the seven years between the sentencing and Defendant's current petition.  See Fed. R.

---

[4] But see Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984) (imposing exhaustion requirement for § 2255 motion attacking legality of defendant's sentence and BOP's computation for time-served credits); Hererra v. United States, No. CR F 05-0250 AWI, 2009 WL 2246787, at *2 (E.D. Cal. July 28, 2009) (applying exhaustion to § 2255 motion challenging credits refused at sentencing and finding statute of limitations ran from the time the administrative remedies were exhausted).

[5] This time period is probably shorter.  The record does not indicate when Defendant began the administrative process, but his formal request on November 6, 2008 was the second step.  Under 28 C.F.R. § 542.13(a), Defendant was first required to lodge an informal request for relief.  The only fact in the record to put any date to that first step was Defendant's request in July 2007 for a transcript of the sentencing hearing, which could have been one way Defendant prepared for his request.  (Def.'s Mot., Ex. B.)  Indeed, he submitted the transcript as part of his November 2008 formal request.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Civ. P. 11(b) ("By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law . . . .").

Having cleared the timeliness hurdles, Defendant has not adequately briefed his ineffective assistance of counsel claims on the merits. He identifies two related grounds for ineffective assistance: his prior counsel's failure to inform the Court that it could not set the commencement date of his sentence and, as a result, his prior counsel's failure to request a downward departure at the time of his sentencing to account for that time.[6] Defendant must file a brief fully addressing these claims no later than **Thursday, June 24, 2010.** The government may file a response no later than **Thursday, July 1, 2010.** After reviewing the briefs submitted by the parties, the Court will decide whether a hearing on these matters is necessary.

**IT IS SO ORDERED.**

CC:USPO/PTS/USM

|  | : |
|---|---|
| Initials of Deputy Clerk | AB |

---

[6] Defendant also suggests that his prior counsel's failure to file a timely § 2255 motion is grounds for ineffective assistance. That claim fails because a criminal defendant has no constitutional right to counsel in post-conviction § 2255 proceedings. Sanchez v. United States, 50 F.3d 1448, 1456 (9th Cir. 1995).